## Case No. 14,808.

### UNITED STATES v. CLARK.

[2 Spr. 55:[1] 25 Law Rep. 345.]

District Court, D. Massachusetts. Dec., 1862.

ARMY — INDICTMENT FOR ENTICING SOLDIER TO DESERT—SUFFICIENCY OF EVIDENCE.

1. Where the prisoner, in order to induce one H. to enlist, made representations to him as to the means and facilities of deserting, and, after he had enlisted, received the whole of his bounty money, and at the times when he made such representations, and received the money, he believed they would be likely to cause H. to desert, and they did cause him to desert, the prisoner may be deemed to have procured or enticed him to desert, within the meaning of the statute of 1812, c. 14, § 17 [2 Stat. 673].

2. It is not necessary, in order to warrant a conviction, that the prisoner should have wished or intended that H. should desert.

This was an indictment under the statute of 1812, c. 14, § 17 (2 Stat. 673), charging the prisoner with having enticed and procured a soldier by the name of Hayden to desert. It appeared that early in November last, Hayden enlisted as a soldier, received a bounty of twenty-five dollars from the United States, and one hundred dollars from the city of Boston, and was immediately mustered into service and sent to the camp in Cambridge; he there remained doing duty as a soldier about a fortnight, and then deserted. There was evidence tending to show that just previous to the enlistment the prisoner, in a conference with Hayden, told him that, if he would enlist, he could obtain the bounty and avoid serving as a soldier by deserting; that he could either obtain a furlough and then desert, or that the prisoner would come to the camp and take him away in a wagon; that immediately after this conversation, Hayden went with the prisoner to the rendezvous, enlisted, received the bounty, and immediately delivered the whole

---

[1] [Reported by John Lathrop, Esq., and here reprinted by permission.]

amount to the prisoner. There was also evidence tending to show that the prisoner was to hold a part of the bounty for Hayden, and keep the residue for his own use.

T. K. Lothrop, Asst. Dist. Atty., for the United States.

B. F. Russell, for prisoner.

SPRAGUE, District Judge, in charging the jury, among other things instructed them as follows: That if the prisoner procured Hayden to enlist believing at the time that he would probably desert, still if the prisoner did not say or do any thing which would be likely to cause him to desert, or if what was said and done by the prisoner did not in fact cause Hayden to desert, then the prisoner is not guilty of the offence charged; but that it was not necessary, in order to establish the guilt of the prisoner, that the government should satisfy the jury that he wished or actually intended that Hayden should desert. It may be that his wishes and purposes went no further than to cause Hayden to enlist, and thereby to obtain for himself the reward for furnishing a recruit, and a part or the whole of the bounty money. It may be that he would have really preferred that Hayden should not be able to escape from the service. Still, if in order to induce Hayden to enlist to accomplish his own purpose of gain, the prisoner made representations and gave assurances to Hayden as to the means and facilities of deserting, and, after Hayden had enlisted, received from him his bounty money, and at the time when such representations were made, assurances given, and bounty money received, the prisoner believed that they would be likely to cause Hayden to desert, and they did cause him to desert, then the prisoner may be deemed to have procured or enticed him to desert within the meaning of the statute.

Verdict, "Guilty."

UNITED STATES (CLARK v.). See Cases Nos. 2,837 and 2,838.